Case No. 26-2348

# United States Court of Appeals for the Seventh Circuit

PATRICE DANIELS, et al.,

*Plaintiffs/Appellants*,

v.

LATOYA HUGHES, et al.,

*Defendants/Appellees*

On Appeal from the United States District Court
for the Central District of Illinois
in Civil Action No. 1:07-cv-01298-MMM, Hon. Jonathan E. Hawley Judge Presiding

## CIRCUIT RULE 3(c) DOCKETING STATEMENT

Plaintiffs-Appellants, Patrice Daniels, and Joseph (Jasmine) Herman on behalf of themselves and other class members, submit this docketing statement as required by 7th Cir. R. 3(c).

### I. Jurisdiction of the District Court

The district court had jurisdiction as a civil action arising under the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as the complaint sought injunctive relief for violations of the Eighth Amendment of the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.,* and the Rehabilitation Act, 29 U.S.C. § 794.

## II. Jurisdiction of the Court of Appeals

The Seventh Circuit Court of Appeals has jurisdiction pursuant to 28 U.S.C. § 1291 because Plaintiffs-Appellants appeal a final decision of the Central District of Illinois dismissing this case as moot. On January 29, 2026, the district court issued an order dismissing with prejudice the pending action as moot, thereby disposing of all claims against all parties. Doc. 3794. On January 29, 2026, a separate judgment order was entered on the district court docket pursuant to Fed. R. Civ. P. 58. Doc. 3795. Plaintiff's Rule 59(e) motion was filed on February 25, 2026. Doc. 3798. The order denying Plaintiff's timely Rule 59(e) motion, and striking Plaintiffs' timely Rule 60 motion, was issued on June 11, 2026. Doc. 3813. The notice of appeal to the Seventh Circuit Court of Appeals was filed June 25, 2026.

This case has been before this Court on two previous occasions:

- *Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2022), (19-1145)
- *Daniels v. Hughes*, 147 F.4th 777 (7th Cir. 2025), (23-3388).

## III. Background

1. On November 7, 2007, Ashoor Rasho filed a pro-se complaint pursuant to 42 U.S.C. § 1983 challenging the inadequacy of mental health treatment in the Illinois Department of Corrections. Through counsel, Mr. Rasho filed an Amended Complaint on behalf of a class of Illinois prisoners with mental illness on May 9, 2009. Doc. 54. The court certified a stipulated settlement class of prisoners with serious mental illness on May 6, 2011. Doc. 97.

2. On August 14, 2015, the court certified the litigation class pursuant to Fed. R. Civ. Pro. 23(b)(2) to include all persons incarcerated in the IDOC who have been identified or should have been identified as being in need of mental health treatment. Doc. 252.

3. On September 9, 2015, Plaintiffs filed a third amended complaint, seeking injunctive relief for violations of the Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.,* and the Rehabilitation Act, 29 U.S.C. § 794. Doc. 260.

4. On December 17, 2015, the parties informed the Court of a proposed resolution and provided a draft settlement agreement. Minute Entry dated 12/17/2015. The court reviewed the agreement and made a preliminary determination that it provided a fair, adequate, and reasonable resolution of this action. Doc. 290.

5. After a fairness hearing, the court approved the first agreement on May 23, 2016, stating that the "matter will remain on the Court's docket until the terms of the Settlement Agreement[1] are met. At

[1] *In dicta,* this Court later said that the settlement agreement was a consent decree. *Rasho v. Jeffreys,* 22 F.4th 703, 707 n.2 (7th Cir. 2022). Because the pleadings and orders throughout the course of these proceedings variously refer to the agreements in this case as both settlement agreements and consent decrees, Plaintiffs herein refer to the May 23, 2016 agreement which was titled "Amended Settlement Agreement" as simply "the first agreement" and the document titled "Second Amended Settlement Agreement," entered on June 9, 2020 as "the second agreement."

that time, this matter will be dismissed with prejudice." Doc. 709. During the fairness hearing, the parties and the district court stated that the Settlement Agreement did not constitute a release of claims or a final resolution of the case, but that the case could be returned to the active trial docket if compliance was not reached.

6. On May 25, 2018, the district court issued a preliminary injunction finding both that the Defendants were violating the first agreement in five areas and that those failures were resulting in federal rights violations so as to allow for court enforcement. Doc. 2070.

7. On October 30, 2018, the court converted the preliminary injunction to a permanent injunction. Doc. 2460. In its permanent injunction order the court stated, "[T]he reality is, this case was limited to examining a limited area of the Settlement Agreement," and "this was not a 'full' trial on the merits on all of the claims; nor was it a situation where the Parties tore up the Settlement Agreement to have this Court decide the outcome on all matters." Doc. 2460.

8. On December 20, 2018, the district court ordered Defendants to pay $1.9 million in fees to Plaintiffs, as provided for in the first agreement. Doc. 2516. On February 26, 2019, the district court entered a modified permanent injunction order, and on April 22, 2019, the court entered a new permanent injunction order that met the requirements of Fed. R. Civ. P. 65(d).

9. On May 21, 2019, Defendants appealed the permanent injunction orders, asking this Court to "remand the case for entry of an order denying plaintiffs' motion for a permanent injunction." Doc. 2656. Defendants invoked this Court's jurisdiction under 28 U.S.C. §1292(a)(1), which provides courts of appeals with "jurisdiction of appeals from interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 7th Cir. (19-1145) Doc. 48.

10. On June 9, 2020, the district court approved a Second Amended Settlement Agreement ("the second agreement") and held that "the jurisdiction of the Court over this Settlement Agreement shall continue to April 23, 2021." Doc. 3051.

11. On March 8, 2021, the district court terminated its jurisdiction to enforce terms of the second agreement in areas where substantial compliance was reached, in large part policy and process requirements, and retained jurisdiction "to enforce the sections of the Settlement Agreement listed in Exhibit B until April 22, 2022, unless otherwise ordered by the Court." Doc. 3263-2.

12. On January 12, 2022, this Court reversed and vacated the permanent injunction covering five areas of the first agreement, finding that Defendants' actions in those areas were not deliberately indifferent and that the scope of the permanent injunction exceeded the restraints of the PLRA. Rasho, 22 F.4th 710-13. This Court also noted in dicta that

the first agreement was a consent decree but that "the distinction is irrelevant" for purposes of the ruling. *Id.* at 707, n. 2.

13. Following this Court's ruling, on February 11, 2022, the district court entered an unopposed order extending its jurisdiction over the second agreement until July 22, 2022. Doc. 3508. On June 1, 2022, the parties submitted a joint Proposed Plan for Negotiations, which provided, "If the parties are unable to reach an agreement to resolve their disputes, the parties agree that this matter will be returned to the active trial docket, and propose, subject to the approval of the Court, that Plaintiffs would file an amended complaint by September 1, 2022, and that the parties would propose by September 15, 2022, a scheduling order to include discovery (including written discovery, expert discovery, and depositions), dispositive motions and, if necessary, trial." Doc. 3580.

14. On July 21, 2022, one day before the unopposed order extending jurisdiction was set to expire, the district court denied Plaintiffs' Motion to Extend Jurisdiction over the second agreement and returned the case to the trial docket, as the parties had agreed in their joint proposed plan. Docs. 3597 and 3580.

15. Two days later, on July 23, 2022, Defendants sent Plaintiffs a letter providing "formal notice that the State is exercising its right under Illinois law to terminate the consent decree at will, effective July 23, 2022." Doc. 3741-1. The letter further stated, "We believe class members would most benefit from a collaborative model of dispute resolution in

lieu of continued litigation, but we will be prepared to pursue either course." Pursuant to the letter, any remnant of a private settlement agreement was terminated and the Defendants agreed that the case should proceed to trial.

16. On July 27, 2022, Defendants made a motion to recover fee payments. Doc. 3601. On September 13, 2022, the district court granted in part and denied in part Defendants' motion. Doc. 3629. Defendants appealed that order on October 13, 2022, and it was docketed as appeal No. 22-2816. Doc. 3649. This Court issued an order on October 19, 2022, indicating that the September 13 order might not be a final appealable judgment under 28 U.S.C. §1291. 7th Cir. (22-2816) Doc. 3. The parties then briefed the issue. 7th Cir. (22-2816) Doc. 5, 8, 12.

17. On September 15, 2022, Plaintiffs moved for leave to file a fourth amended complaint naming Governor J.B. Pritzker in his official capacity as a Defendant. The complaint also added claims under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the U.S. Constitution. Doc. 3632. The court granted the motion on September 30, 2022, stating, "Plaintiffs drafted the Fourth Amended Complaint pursuant to the parties' agreement and with the Court's permission." Minute Entry 9/30/2022.

18. On September 29, 2022, the parties filed a proposed discovery plan with deadlines for fact discovery in September 2023, expert discovery in March 2024, and dispositive motions in April 2024. Doc.

3640. The plan was adopted by the district court the next day. Minute Entry 9/30/2022. The parties then began to engage in extensive fact and expert discovery, including written discovery, expert tours, and depositions.

19. Defendants filed a partial motion to dismiss the fourth amended complaint, which was denied as to the ADA and Rehabilitation Act claims and granted "as to the claims against the Governor, the Equal Protection Claims, and the Due Process Claims" on February 28, 2023. Doc. 3681. The court granted Plaintiffs leave to replead, and Plaintiffs filed a fifth amended complaint on May 26, 2023. Doc. 3702.

20. Between May and September 2023, several motions were filed by the parties, including a motion for a preliminary injunction seeking relief for members of the Plaintiff class being held at the Northern Reception Center. Doc. 3693, 3711, 3723. An evidentiary hearing on the preliminary injunction motion was set for November 2, 2023. Minute Entry 8/21/23.

21. On September 18, 2023, the district court issued an order sua sponte directing the parties to brief "whether it has jurisdiction over the underlying merits of these proceedings." Doc. 3739.

22. Both parties filed memoranda addressing the court's jurisdiction on October 2, 2023. Docs. 3741, 3742. Plaintiffs argued that the district court never lost jurisdiction because 1) Defendants' interlocutory appeal to this Court did not divest the district court of

jurisdiction over the underlying case, including the terms of the first and second agreements, 2) when the district court returned the case to the trial call, it was applying the terms of the second agreement and the court's order agreed to by the parties on June 1, 2022, both of which provided for a return to the trial call if a dispute under the second agreement could not be resolved, 3) if the second agreement was found to be void or unenforceable because it was not based on PLRA findings, the case should take the posture of a failed settlement and be returned to the trial call, and 4) it would be inequitable to dismiss the case because after this Court held that the first agreement was in fact a consent decree, Plaintiffs did not ask for a PLRA hearing because the district court and Defendants agreed that the alternative was a trial, not a termination of the case, and, as a fiduciary of the class, the district court should not void its own orders nunc pro tunc in order to deprive Plaintiffs of their claims. Doc. 3741.

23. On October 23, 2023, the district court issued a final order dismissing the case for lack of jurisdiction, stating 1) the permanent injunction was a final order with regard to the five areas subject to the injunction, 2) the court lost jurisdiction over the areas of the settlement agreement not subject to the injunction because the first settlement agreement expired on May 23, 2019 with regard to any areas for which there was no outstanding determination that Defendants were not in substantial compliance before the second amended settlement agreement

was entered on June 9, 2020, and 3) even if the first agreement had not expired, the court could not have entered the second agreement without PLRA findings. Doc. 3745. The court's opinion emphasized the expiration of the first consent decree as justification for finding that it did not have jurisdiction to return the case to the trial call, stating, "Any right to return the matter to the trial docket survived only as long as the Consent Decree did," and that the "Consent Decree had expired before the parties agreed to its termination." Doc. 3745 at p. 16.

24. The district court's dismissal order dismissed "WITH PREJUDICE . . . the claims embodied in the consent decreed and DISMISSED WITHOUT PREJUDICE . . . the newly added claims embodied in the Fifth Amended Complaint." Doc. 3745 at p. 17.

25. On November 2, 2023, Plaintiffs filed a Motion to Vacate the Dismissal Order Pursuant to Rule 50(e) on the grounds that the district court's order 1) made a crucial factual error in finding that the first agreement expired on May 23, 2019, when in fact, due to the budget contingent date, the first agreement did not expire until July 7, 2020 (meaning the second agreement was entered before the court's jurisdiction over the first agreement had ended) and 2) made a legal error in stating that it was barred from entering the second agreement without PLRA findings where the parties were in agreement and Defendants had not moved to terminate it. Doc. 3750.

26. On November 30, 2023, the district court denied Plaintiffs' motion to vacate. Doc. 3755. It acknowledged that it had made a factual error about the expiration of the consent decree but found that its jurisdiction terminated on July 21, 2022, when it denied Plaintiffs' motion to extend jurisdiction over the second agreement. Doc. 3755. It maintained that the second agreement had "remained intact as a final judgment, with this Court only retaining jurisdiction pursuant to its terms," but did not address Plaintiffs' argument that it had jurisdiction pursuant to those terms to place the case on the trial call while the agreement was in effect. Doc. 3755 at p. 8.

27. On December 2, 2023, Plaintiffs filed a renewed motion under Rule 59(e) arguing that the district court had ignored the implications of its factual error, but for which it had provided no explanation of why it did not have jurisdiction to return the case to the trial call. Doc. 3756.

28. Plaintiffs timely appealed the dismissal with prejudice of the claims in the third amended complaint, which were embodied in the second agreement, within 30 days of the district court's decision denying their Motion to Vacate the Dismissal Pursuant to Rule 59(e), which was entered on November 30, 2023. See Fed. R. App. P. 4(a)(4)(B)(i).

29. On August 8, 2025, the Seventh Circuit vacated the judgment of the District Court and remanded the case.

30. On October 17, 2025, Defendants filed a motion to dismiss the case as moot. Doc. 3788.

31. On January 29, 2026, Defendants' motion was granted, and the case was dismissed with prejudice in its entirety. Doc. 3794, 3795.

32. On February 25, 2026, Plaintiffs filed a motion to vacate the January 29, 2026, judgment. Doc. 3798.

33. On March 3, 2026, Plaintiffs filed a Rule 60 Motion for Relief from Judgements. Doc. 3800.

34. On June 11, 2026, Plaintiffs' motion to vacate the January 29, 2026, judgment was denied. Doc 3813. The district court also entered an order striking Plaintiffs' pending Motion for Relief from Judgments under Rule 60. Doc. 3813.

Counsel of Record: /s/ Harold Hirshman
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: (312) 307-8026
Facsimile: (312) 876-7934

## Certificate of Filing and Service

I hereby certify that on June 26, 2026, I electronically filed the foregoing **Supplemental Short Appendix of Plaintiffs Appellants** with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users served electronically.

Dated: June 26, 2026

/s/ Harold Hirshman

DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: (312) 307-8026
Facsimile: (312) 876-7934